THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

SABRINA S..[1], :

Plaintiff, :

                                           :      Case No. 3:24-cv-00062

v.

                                                Judge Walter H. Rice
                                                Mag. Judge Kimberly A. Jolson

COMMISSIONER OF        :
SOCIAL SECURITY,

Defendant.

---

DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATIONS
OF UNITED STATES MAGISTRATE JUDGE (DOC. #11), AND
OVERRULING OBJECTIONS THERETO OF PLAINTIFF, SABRINA S. (DOC.
#12); JUDGMENT SHALL ENTER IN FAVOR OF DEFENDANT
COMMISSIONER OF SOCIAL SECURITY AND AGAINST PLAINTIFF,
AFFIRMING THE DEFENDANT COMMISSIONER'S DECISION THAT
PLAINTIFF WAS NOT DISABLED AND, THEREFORE, NOT ENTITLED TO
BENEFITS UNDER THE SOCIAL SECURITY ACT; TERMINATION ENTRY

---

      Plaintiff Sandra S. ("Plaintiff") has brought this action pursuant to 42 U.S.C. § 405(g) to review a decision of the Defendant Commissioner of Social Security ("Commissioner"), denying Plaintiff's application for Social Security disability benefits. On July 25, 2024, Magistrate Judge Kimberly A. Jolson filed a Report and Recommendations (Report, Doc. #11), recommending that the Commissioner's

---

[1] "The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases[,] federal courts should refer to plaintiffs only by their first names and last initials." S.D. Ohio Gen. R. 22-01.

1

decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act ("Act"), 42 U.S.C. § 301 *et seq.*, be affirmed. Based upon reasoning and citations of authority set forth in the Report, a thorough *de novo* review of this Court's file, including the Administrative Record (Doc. #6), and a thorough review of the applicable law, this Court ADOPTS the Report and OVERRULES Plaintiff's Objections (Doc. #12) thereto. The Court, in so doing, affirms the decision of the Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Act.

## I. Legal Standards

Under Rule 72(b), this Court must review *de novo* any timely, specific objection to a report and recommendations. "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." FED.R.CIV.P. 72(b)(3). In reviewing the Commissioner's decision, the Court's task is to determine if the record as a whole constitutes "substantial evidence" that supports the Commissioner's finding of non-disability 42 U.S.C. § 405(g). "The threshold for such evidentiary sufficiency is not high. Substantial evidence, this Court has said, is more than a mere scintilla. It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (internal quotation marks and citations omitted); *accord*: *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989)

2

(emphasis added) ("Substantial evidence is more than a scintilla of evidence *but less than a preponderance*[.]").

In determining "whether there is substantial evidence in the record . . . we review the evidence in the record taken as a whole." *Wilcox v. Sullivan*, 917 F.2d 272, 276-77 (6th Cir. 1980) (citing *Allen. v. Califano*, 613 F.2d 139, 145 (6th Cir. 1980)). However, the Court "may not try the case *de novo*[;] nor resolve conflicts in evidence[;] nor decide questions of credibility." *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 422 (6th Cir. 2008) (quoting *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Rather, if the Commissioner's "findings are supported by substantial evidence, then we must affirm the [Commissioner's] decision[,] even though as triers of fact we might have arrived at a different result." *Elkins v. Sec'y of Health and Human Servs.*, 658 F.2d 437, 439 (6th Cir. 1981).

## II. Analysis

In addition to the foregoing, this Court makes the following, non-exclusive, observations:

1. Plaintiff objects that the Commissioner's Administrative Law Judge ("ALJ") erred by finding the opinions of record-reviewing psychologists Karla

3

Delcour, Ph.D., and Robyn Murry-Hoffman, Psy.D., "persuasive" at Step Three[2], but then, in formulating Plaintiff's residual functional capacity ("RFC") at Step Four, limiting her only to "'occasional' [and superficial] interaction with co-workers and supervisors[,]" rather than the more restrictive "brief and superficial" contact opined by Drs. Delcour and Murry-Hoffman. (Doc. #12, PAGEID 2065-66, citing Doc. #6-2, PAGEID 46-47, 51). Plaintiff appears to argue that the "occasional contact" limitation both was unsupported by evidence and impermissibly broadened the number of job positions existing at Step Five. (*Id*. at PAGEID 2066).

While there may be a theoretical difference between "occasional" (up to one-third of an eight-hour day) and "brief" (undefined) (Doc. #12, PAGEID 2066, citing SSR 83-10p, 1983 WL 31251, *5 (Jan. 1, 1983)), such a distinction is immaterial here. The ALJ, in addition to "no more than occasional superficial contact," imposed the restrictions of "*no* jobs involving teamwork or tandem tasks and *no interaction* with the general public. These restrictions have been imposed to reduce the possibility of any social functioning difficulties during bouts of symptom exacerbation and to accommodate the claimant's social aversion complaints." (Doc. #6-2, PAGEID 53 (emphasis added)). Given those limitations, Plaintiff's interpersonal interactions would necessarily be brief and superficial. As the ALJ properly incorporated the limitations of opinion sources whom he found persuasive,

---

[2] Of the well-established five-step process by which the Commissioner determines whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4).

4

Plaintiff's objection must be overruled.

2. In the Report, the Magistrate Judge rejected Plaintiff's contention that "the ALJ failed to consider the reason why she was non-compliant with her prescribed treatment[.]" (Doc. #11, PAGEID 2061). The Magistrate Judge noted that the ALJ had found Plaintiff's congestive heart failure ("CHF") and hypertension to be severe impairments at Step Two, but in so finding, the ALJ also found that Plaintiff's "treatment has been complicated by prior issues of noncompliance with her antihypertensive regimen as well as cardiology follow-up." (*Id.*, quoting Doc. #6-2, PAGEID 44). Plaintiff argues that the ALJ erred because he "failed to consider possible reasons why [Plaintiff] may not have complied with treatment," specifically, Plaintiff's troubles with insurance coverage. (Doc. #12, PAGEID 2067, citing Doc. #6-8, PAGEID 560). Absent express consideration of those external factors, the ALJ may not "find an individual's symptoms inconsistent with the evidence in the record on this basis [of noncompliance with treatment,]" and Plaintiff argues that the ALJ committed reversible error in doing so. (*Id.*, quoting SSR 16-3p, 2017 WL 5180304, *9 (Oct. 25, 2017)).

As the Commissioner notes (Resp., Doc. #13, PAGEID 2070-71), one of the two instances of noncompliance cited by the ALJ was from January 22, 2020, predating Plaintiff's alleged disability onset date of February 19, 2021, by more than one year. (Doc. #6-8, PAGEID 558). While there is a treatment record from November 17, 2022, noting that Plaintiff needed to make an appointment with a

5

cardiologist, and that she had not taken her blood pressure medication that day (Doc. #6-13, PAGEID 1937), the ALJ's reference to that record came in the context of Plaintiff's generally improved cardiovascular function. (Doc. #6-2, PAGEID 44 (citations omitted)). Importantly, the only mention of noncompliance in the decision at all was at Step Two, where the ALJ still found CHF and hypertension as severe impairments. Plaintiff has failed to demonstrate how any failure by the ALJ to mention Plaintiff's insurance difficulties as a reason for past noncompliance prejudiced her at all. She certainly did not demonstrate how any such failure negated the ALJ's extensive evaluation of evidence of record in arriving at his Step Two determination. (*Id.* at PAGEID 44-49). Plaintiff's objection is thus overruled.

3. In the context of the above "noncompliance objection," Plaintiff mentions briefly that her "Ejection Fraction has been as low as 35-40 percent (which is near meeting Listings level)[.]" (Doc. #12, PAGEID 2067). The Court is unsure whether Plaintiff intended to raise a separate objection that the ALJ erred at Step Three in concluding that Plaintiff's severe impairments, alone or in combination, did not meet one of the disability listings set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Appendix 1 Listing"). However, even if the Court were to interpret her statement as a separate objection, it is unavailing. As the Commissioner notes, that lower ejection fraction range is from August 16, 2018, more than two years before the alleged disability onset date. (Doc. #13, PAGEID 2071). Plaintiff's ejection fraction had improved to 48% in March 2021 (Doc. #6-

6

13, PAGEID 1832), and Plaintiff does not allege that such an ejection fraction would put her close to meeting or equaling an Appendix 1 Listing. The ALJ's determination that Plaintiff did not meet or equal Listings 4.02 (chronic heart failure), 4.04 (ischemic heart disease), and 4.05 (recurrent arrhythmias) (Doc. #6-2, PAGEID 49), is cogent, reasonably detailed, and based on evidence of record. Accordingly, the Court may not disturb that determination, and Plaintiff's objection must be overruled.

### III. Conclusion

Based on the above, this Court ADOPTS the Report and Recommendations of the Magistrate Judge (Doc. #11) and OVERRULES Plaintiff's Objections thereto. (Doc. #12). Judgment shall enter in favor of the Commissioner and against Plaintiff, affirming the Commissioner's finding that Plaintiff is not disabled and not entitled to benefits under the Act.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

IT IS SO ORDERED.

August 23, 2024

*Walter H. Rice*
WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT

7